On the Merits.
Plaintiff alleges that on the occasion of the accident to her that she had hired from F. Johnson & Son Company, Limited, a company engaged in hiring carriages and taxicabs and other vehicles for public conveyance, a taxicab which was driven by a chauffeur who was young and inexperienced, ignorant of his duty and of the management of the machine, that the Johnson Company were responsible to her for her safety, and that the injuries to her were due to the “concurrent fault and negligence of the chauffeur of the said taxicab of said F. Johnson & Son Company, Limited, and the said motorneer of the said street car.”
Plaintiff introduced evidence going to show that F. Johnson & Son Company, Limited, had held themselves out to the public as the owners of the said taxicab. But, when that Company offered evidence for the purpose of showing that it was not the owner of said vehicle, plaintiff objected to the same, and the objection was sustained. The Johnson Company in its answer had denied “all and singular the allegations contained in plaintiff’s petition, and, specially, that any act of any person representing your respondent contributed in any way to the accident, if such accident there was,” etc. This answer put at issue every allegation contained in plaintiff’s petition, and gave to defendant the right to offer evidence to show that it was not the owner of the taxicab in question, and that it had never held itself out as *782 the owner thereof. There was error in rejecting this testimony. The case will be remanded.
Plaintiff, Mrs. Shield, has appealed from the judgment dismissing her suit against the New Orleans Railway & Light Company, and she asks for a reversal of the same. The evidence as to the fault or negligence of the Railway Company is conflicting; but,, after examining and weighing same, we are of the opinion that there was no concurrent fault or negligence on the part of that Company. The evidence shows that the motorneer of the car which collided with the taxicab was efficient and watchful; that the car was in good order; that it was being operated at the usual rate of speed, and not contrary to the city ordinances; and that the motorneer did everything that could be expected of a reasonable person under the circumstances to prevent the accident.
Several witnesses examined on behalf of plaintiff, as well as those examined on behalf of the Railway Company, show that the accident was unavoidable in so far as the Railway Company is concerned, and that everything possible was done by the motorneer to avoid the collision. There can be no recovery by the plaintiff against the Railway Company under these circumstances.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed.
It is now ordered that the exception of no cause of action be sustained to that portion of plaintiff’s claim for expenses incurred for doctors, medicine, nurses, clothing, and ambulance service.
It is further ordered, adjudged, and decreed that this case be remanded to the trial court to be there tried in accordance with law and with the views herein expressed as to the defendant F. Johnson & Son Company, Limited, costs to await the final determination of the cause.
It is further ordered, adjudged, and decreed that the judgment in favor of defendant the New Orleans Railway & Light Company be affirmed, with costs in both courts.